UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PHARMACEUTICAL GRADE HEALTH PRODUCTS, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PEGASUS CONSULTING, INC. d/b/a WEIGHT LOSS INSTITUTION; JOHN MUCKENHIRN; PINK FASHIONS INC.; SHOSHANA IRIS COOPER a/k/a IRIS COOPER,<br><br>　　　　Defendants. | Case No. CV11-3871 GHK (JCGx)<br><br>**[PROPOSED] FINAL JUDGMENT BY CONSENT FOR INJUNCTION AND DAMAGES AGAINST DEFENDANTS PEGASUS CONSULTING, INC. D/B/A WEIGHT LOSSINSTITUTION, JOHN MUCKENHIRN, PINK FASHIONS INC. AND SHOSHANA IRIS COOPER A/K/A IRIS COOPER**<br><br>**(THE HONORABLE GEORGE H. KING)**<br>(COURTROOM 605)<br><br>Complaint Filed: July 20, 2009 |

Plaintiff Pharmaceutical Grade Health Products, LLC ("PGHP") and Defendants Pegasus Consulting, Inc., John Muckenhirn; Pink Fashions Inc. and Shoshana Iris Cooper Muckenhirn (collectively, "Defendants") having resolved this case and jointly stipulated for the entry of this Final Judgment by Consent for Injunction and Damages ("Final Judgment"), and there being good cause therefor,

964980-1

IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. Defendants were duly served with PGHP's Complaint for trademark infringement and unfair competition.

2. The Court has personal jurisdiction over Defendants because the claims alleged in the Complaint arise from business conducted by Defendants in the State of California. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this Judicial District.

3. The Court has jurisdiction over the subject matter of PGHP's claims in this action under the United States Trademark Act pursuant to 15 U.S.C. §§ 1116, 1121(a) and 28 U.S.C. §§ 1331, 1332 and 1338 because PGHP's complaint alleges, *inter alia*, trademark infringement and false designation of origin under the Lanham Act, and because Plaintiff and Defendants are of diverse citizenship and the amount in controversy exceeds $75,000.00.

4. Defendants have consented to a finding by the Court that Defendants have committed actions entitling Plaintiff to the injunctive relief set forth in Paragraph 5 below, and the Court so finds.

5. Accordingly, the Court orders and Defendants consent to the following injunctive relief ordered in subparagraphs (a), (b) and (c) of this Paragraph 5:

(a) Defendants and any of their successors or assigns, inclusive of any person or entity over which Defendants exercise control, are permanently enjoined from (i) using the PHENTRAMINE mark in connection with a product name, advertising or product packaging of any weight loss products or services, and/or in keywords on websites under the control of the Defendants; (ii) directly selling products and services under the PHENTRAMINE mark; (iii) using the term PHENTRAMINE in any website domain name; (iv) incorporating PHENTRAMINE into metadata for Defendants' websites; (v) placing any advertisements for any of Defendants' products, services or websites, wherein the

advertisements contain the word PHENTRAMINE; and/or (vi) receiving any direct benefit based upon another person's or entity's unauthorized sale or advertisement of a weight loss product or service under the PHENTRAMINE mark, provided that, Defendants are not in violation based on a resale by third parties of Defendants' non-PHENTRAMINE products under the mark PHENTRAMINE, where Defendants have no knowledge that their product would be resold under a PHENTRAMINE mark. Defendants are not in violation of this subparagraph 5(a) if neither they nor any persons or entities over which Defendants exercise control take any direct or affirmative action to have links to websites appear based on an Internet search for PHENTRAMINE. Furthermore, nothing in this subparagraph 5(a), gives Plaintiff the right to limit in any way Defendants' right to use any term or word other than PHENTRAMINE;

(b) Defendants and any of their successors or assigns, inclusive of any person or entity over which Defendants exercise control, are enjoined for a period of two years from the date this Final Judgment is entered from (i) selling any product or service beginning with the term "PHENTRA" ("PHENTRA Mark") unless Defendants are selling products produced by persons or entities unrelated to Defendants ("Third Parties") and those Third Parties have a registered and active PHENTRA Mark on file with the United States Patent and Trade Mark Office (USPTO) for the product(s) Defendants sell under the PHENTRA Mark; and (ii) owning, operating and/or having a controlling influence in any website which domain name begins with the term PHENTRA;

(c) Defendants shall transfer any and all websites over which Defendants exercise ownership or control containing the mark, PHENTRAMINE, or any mark beginning with or encompassing the term, PHENTRA, to Plaintiff. Defendants have represented that as of the date of execution of the Stipulation for Entry of Final Judgment, there are no such websites.

3

964980-1

6. In the event that Plaintiff believes that Defendants have breached the provisions of Paragraph 5, Plaintiff shall provide notice to Defendants, providing details of the alleged breach. Upon Defendants' receipt of Plaintiff's notice, Defendants shall have thirty (30) days to cure the alleged breach and notify Plaintiff that the alleged breach has been cured. In the event Defendants fail to cure, Plaintiff has the right to file a Motion pursuant to Paragraph 9.

7. Defendants are jointly and severally liable to Plaintiff in the amount of $25,000.00. However, so long as Defendants (i) tender to Plaintiff the amount of $1,000.00 either prior to or within five (5) days of entry of this Final Judgment and (ii) abide by the terms of the Final Judgment as stated in Paragraph 5 above, Plaintiff shall forbear from taking any action to enforce this Final Judgment. Plaintiff represents that it has received the $1,000.00 contemplated in this Paragraph 7.

8. Subject to the notice and cure provisions of Paragraph 6, above, should Defendants fail to comply with the terms of this Final Judgment, Plaintiff shall be entitled to judgment for the full amount set forth in Paragraph 7, above, (less any payments actually received from Defendants) and may petition the Court to find Defendants in civil and/or criminal contempt for violating the terms of the injunction as specified in Paragraph 5 of this Final Judgment.

9. Any notice hereunder shall be made by first-class U.S. mail and certified mail to Defendants with a copy to Defendants' counsel, Thomas R. Williamson, III, Williamson Intellectual Property Law, LLC, 1870 The Exchange, Suite 100, Atlanta, Georgia 30339. Any petition or request for relief for the entry of judgment, to enforce the injunction, and/or for a finding of contempt shall be in the form of a Motion filed in this Court in accordance with Local Rule 7 with notice provided to Defendants' counsel, Thomas R. Williamson, III, Williamson Intellectual Property Law, LLC, 1870 The Exchange, Suite 100, Atlanta, Georgia 30339 via first-class U.S. mail and certified mail as well as to Defendants at their current address,

1 | 21630 Medina Estates Drive, Woodland Hills, California 91364. However,
2 | Plaintiff must provide notice to Defendants at the addresses in this Paragraph 9 and
3 | receive confirmation of delivery of said notice, or confirmation that the U. S.
4 | Postal Service is unable to deliver said notice, prior to filing any Motion. During a
5 | twelve (12) month period after two (2) instances of actual breach, notice and cure,
6 | Plaintiff shall not be required to provide further notice prior to filing a Motion as
7 | set forth in Paragraph 9 ~~and shall not be required to engage in the meet and confer~~
8 | ~~contemplated by Local Rule 7-3.~~ Should Defendants move from their current
9 | address, they shall provide the location of their new address in writing to Plaintiff's
10 | counsel, A. Bryan Baer, Esq., at the law firm of Foltz Martin, LLC, Five Piedmont
11 | Center, 3525 Piedmont Road, NE, Suite 750, Atlanta, Georgia 30305. Should
12 | Plaintiff's counsel, A. Bryan Baer move offices and/or firms, he shall provide
13 | notice to Defendants and Defendants' counsel via first-class and certified mail
14 | along with an updated address to which Defendants shall notify Plaintiff of any
15 | relocation from their current address.

16 |     10.    Each party to bear their own attorneys' fees and costs for Civil Action
17 | No. 1:09-CV-1961 in the District Court of the Northern District of Georgia.

18 |     11.    Except to the extent relief is granted on PGHP's Complaint through
19 | the entry of this Final Judgment, PGHP's Complaint is dismissed with prejudice.

20 |     12.    The Court shall retain jurisdiction over this action for the purposes of
21 | construing, modifying, or clarifying this Final Judgment, and punishing violations
22 | thereof.

23 | / / /
24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 | / / /

964980-1

13. The Clerk of the Court is directed to give notice of entry of this Final Judgment to the parties pursuant to Rule 77(d) of the Federal Rules of Civil Procedure.

**ORDER**

IT IS SO ORDERED.

Dated: July 29, 2011

_____
Honorable George H. King
United States District Judge

964980-1